# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-140V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DANA CHAMBERS, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | |
| v. | * | Filed: December 14, 2021 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Andrew Donald Downing,* Van Cott & Talamante, PLLC, Phoenix, AZ, Petitioner.

*Terrence Kevin Mangan, Jr,* U.S. Dep't of Justice, Washington, DC, Respondent.

## DECISION GRANTING INTERIM AWARD OF ATTORNEY'S FEES AND COSTS[1]

On January 28, 2019, Dana Chambers filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she had experienced vaccine-induced Undifferentiated Connective Tissue Disease, and later Central Sensitization Syndrome, after receipt of an influenza vaccine on October 7, 2016. Petition (ECF No. 1) at 1–13. An Entitlement Hearing was held on October 22, 2021, and a decision or ruling on entitlement is still pending.

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, it must be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner has now filed a motion for an interim award of attorney's fees and costs. Motion, dated Nov. 5, 2021 (ECF No. 61) ("Motion"). Petitioner requests a total of $125,335.73 in attorney's fees and costs for the work of two attorneys, Mr. Andrew Downing and Ms. Courtney Van Cott, and two paralegals, for all work performed on the matter through the recent date of hearing in October of this year. *Id.* at 6. Respondent did not react through a filing, but via email has indicated no objection to the request as a general matter.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$125,335.73**.

## ANALYSIS

I.   Requests for Interim Attorney's Fees and Costs

I have in prior decisions discussed at length the standards applicable to determining whether to award fees on an interim basis. *Auch v. Sec'y of Health & Human Servs.*, No. 12-673V, 2016 WL 3944701, at *6-9 (Fed. Cl. Spec. Mstr. May 20, 2016); *Al-Uffi v. Sec'y of Health & Human Servs.*, No. 13-956V, 2015 WL 6181669, at *5-9 (Fed. Cl. Spec. Mstr. Sept. 30, 2015). It is well-established that a decision on entitlement is not required before interim fees or costs may be awarded. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013); *see also Cloer v. Sec'y of Health and Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

While there is no presumption of entitlement to interim fees and cost awards, special masters may in their discretion make such awards, and often do so. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). Requests for interim costs are subject to the same standards. *Perreira*, 27 Fed. Cl. at 34; *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Fester*, 2013 WL 5367670, at *16. Criteria that I have found to be important in determining whether an interim award should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017).

I find that Petitioner has made a showing sufficient to justify an award of interim fees and costs. Criteria that I have found to be important in determining whether an interim fees request should be permitted include: 1) if the amount of fees requested exceeds $30,000; 2) where expert costs are requested, if the aggregate amount is more than $15,000; or 3) if the case has been pending for more than 18 months. *See Knorr v. Sec'y of Health & Hum. Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017). This matter meets such criteria—in particular because it has been pending for almost three years and the total amount of attorney's

fees requested exceeds the minimum threshold that I find to be appropriate.[3] I also find no reason to question the claim's reasonable basis.

## II. Calculation of Fees

Determining the appropriate amount of a fees award is a two-part process. The first part involves application of the lodestar method— "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2018** | **2019** | **2020** | **2021** |
|---|---|---|---|---|
| **Mr. Andrew Downing** | $385.00 | $385.00 | $385.00 | $385.00 |
| **Ms. Courtney Van Cott** | $205.00 | $205.00 | $275.00 | $275.00 |
| **Paralegals** | $135.00 | $135.00 | $135.00 | $135.00 |

ECF No. 61-1.

---

[3] Consistent with my usual practice, however, any fees incurred *subsequent* to this interim award will be addressed at the conclusion of the case. *A second award of interim attorney's fees will thus not be entertained*.

Mr. Downing and Ms. Van Cott practice in Phoenix, Arizona—a jurisdiction that has been deemed "in forum," thus entitling them to the rates established in *McCulloch* and since refined by the Office of Special Masters' Fee Schedule. *See Rich v. Sec'y of Health & Hum. Servs.*, No. 12-742V, 2017 WL 1435879 (Fed. Cl. Sec. Mstr. Mar. 28, 2017).[4] The requested rates are in general accordance with that fee schedule. The rates are also consistent with those previously awarded to Mr. Downing and Ms. Van Cott. *Sicard v. Sec'y of Health & Hum. Servs.*, No. 16-332V, 2021 WL 1305894, at *2–3 (Fed. Cl. Spec. Mstr. Feb. 10, 2021). I shall therefore award them as requested. And I find no other reason to make adjustments to reflect time improperly billed to any particular tasks.

### III.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $42,157.73 in costs incurred since the claim's filing, including medical record retrieval costs, filing fees, postage, and expert fees by work performed by Dr. Thomas Zizic. ECF No. 61-1. Dr. Zizic has charged $400.00 per hour for a total of 58.2 hours of work. *Id.* This results in a total charge of $23,280.00 for Dr. Zizic's work. *Id.* I find this amount reasonable, and his report and testimony helpful in determining the case. I also find that the other litigation costs are reasonable and typical in Program cases—and because this matter was conducted via teleconference/remote video testimony, there are no travel costs to consider. Therefore, I find the full amount of costs requested to be appropriately awarded.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Interim Motion for Attorney's Fees and Costs, and award a total of **$125,335.73,** reflecting $83,178.00 in fees and $42,157.73 in costs, in the form of a check made jointly payable to Petitioner and her attorney, Mr. Andrew Downing. In

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 29, 2021).

the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

      **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.